1

2

3

4

5

6

7

8                     UNITED STATES DISTRICT COURT

9                 FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    STEVEN BOLTON,                          No.  2:14-cv-0854 KJN P

12                    Petitioner,

13          v.                                ORDER AND FINDINGS AND
                                              RECOMMENDATIONS
14    DARREL G. ADAMS,

15                    Respondent.

16

17          Petitioner, a state prisoner proceeding without counsel, has filed an application for a writ

18    of habeas corpus pursuant to 28 U.S.C. § 2254 together with a request to proceed in forma

19    pauperis pursuant to 28 U.S.C. § 1915.  Petitioner has submitted a declaration that makes the

20    showing required by § 1915(a).  Accordingly, the request to proceed in forma pauperis will be

21    granted.  28 U.S.C. § 1915(a).

22          The petition raises two claims of ineffective assistance of counsel.

23          The exhaustion of state court remedies is a prerequisite to the granting of a petition for

24    writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must be waived

25    explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).[1]  A waiver of exhaustion, thus, may

26    not be implied or inferred.  A petitioner satisfies the exhaustion requirement by providing the

27    _____

28    [1] A petition may be denied on the merits without exhaustion of state court remedies.  28 U.S.C. §
      2254(b)(2).

                                              1

1  highest state court with a full and fair opportunity to consider all claims before presenting them to

2  the federal court.  Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d

3  1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

4       After reviewing the petition for writ of habeas corpus, the court finds that petitioner has

5  failed to exhaust state court remedies.  The claims have not been presented to the California

6  Supreme Court.  Further, there is no allegation that state court remedies are no longer available to

7  petitioner.  Accordingly, the petition should be dismissed without prejudice.[2]

8       Petitioner has also filed a motion for an extension of time to file his application to proceed

9  in forma pauperis.  Good cause appearing, this motion is granted and the application to proceed in

10 forma pauperis filed May 21, 2014 is deemed timely filed.

11      Petitioner has also filed a motion for the appointment of counsel.  Because the

12 undersigned recommends that this action be dismissed, the motion for appointment of counsel is

13 denied.

14      Good cause appearing, IT IS HEREBY ORDERED that:

15      1.  Petitioner motion to proceed in forma pauperis (ECF No. 5) is granted;

16      2.  Petitioner's motion for appointment of counsel (ECF No. 2) is denied;

17      3.  Petitioner's motion for an extension of time (ECF No. 6) is granted;

18      4.  The Clerk of the Court is directed to assign a district judge to this action;

19 and

20      IT IS HEREBY RECOMMENDED that petitioner's application for a writ of habeas

21 corpus be dismissed for failure to exhaust state remedies.

22      These findings and recommendations will be submitted to the United States District Judge

23 assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

24 after being served with these findings and recommendations, petitioner may file written

25 [2]  Petitioner is cautioned that the habeas corpus statute imposes a one year statute of limitations
26 for filing non-capital habeas corpus petitions in federal court.  In most cases, the one year period
will start to run on the date on which the state court judgment became final by the conclusion of
27 direct review or the expiration of time for seeking direct review, although the statute of
limitations is tolled while a properly filed application for state post-conviction or other collateral
28 review is pending.  28 U.S.C. § 2244(d).

2

1    objections with the court.  The document should be captioned "Objections to Findings and

2    Recommendations."  Petitioner is advised that failure to file objections within the specified

3    time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153

4    (9th Cir. 1991).

5    Dated:  June 3, 2014

6

7    Bol954.dis                                    KENDALL J. NEWMAN
                                                   UNITED STATES MAGISTRATE JUDGE
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                            3